STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ASSURED LENDER SERVICES, INC., a California domestic corporation; and TINA SUIHKONEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-1205<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Assured Lender Services, Inc. ("ASLI") and Tina Suihkonen ("Ms. Suihkonen"; collectively with ASLI known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. ASLI is, and has been at all times relevant to this lawsuit, a California domestic corporation.

5. ASLI is, and has been at all times relevant to this lawsuit, an owner of the Internet domain found at <assuredlenderservices.wordpress.com> (the "Domain"), as evidenced by the "About ASLI" webpage of the Domain, attached hereto as Exhibit 1.

6. Ms. Suihkonen is, and has been at all times relevant to this lawsuit, an owner of the Domain, as evidenced by the "About Tina Suihkonen" webpage of the Domain, attached hereto as Exhibit 2.

7. Ms. Suihkonen is, and has been at all times relevant to this lawsuit, identified as the "President and Chief Operating Officer of ASLI," as evidenced by the "About Tina Suihkonen" webpage of the Domain, attached hereto as Exhibit 2.

8. Ms. Suihkonen is, and has been at all times relevant to this lawsuit, identified as the "President and Chief Operating Officer" of ASLI, as evidenced by Ms. Suihkonen's LinkedIn webpage, attached hereto as Exhibit 3.

**JURISDICTION**

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. Righthaven is the owner of the copyright in the literary work entitled: "Empty offices dot landscape in Las Vegas" (the "Work"), attached hereto as Exhibit 4.

11. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

13. On or about April 13, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 5, as part of the content accessible through the Domain (said content accessible through the Domain and the Domain itself known herein as the "Website").

14. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

15. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

16. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

## VENUE

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

18. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because ASLI is subject to personal jurisdiction in Nevada.

## FACTS

19. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

20. Righthaven is the owner of the copyright in and to the Work.

21. The Work was originally published on April 13, 2010.

22. On July 9, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007173597 (the

"Registration") and attached hereto as Exhibit 6 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

23.  On or about April 13, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

24.  On or about April 13, 2010, the Defendants changed the original author of the Work to different author, identified as "Tina Suihkonen," as evidence by the Infringement, attached hereto as Exhibit 5.

25.  The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

26.  The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

27.  Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 26 above.

28.  Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

29.  Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

30.  Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

31.  Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

32.  The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

33.  The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

34. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

35. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

36. Ms. Suihkonen has willfully engaged in the copyright infringement of the Work.

37. ASLI has willfully engaged in the copyright infringement of the Work.

38. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

39. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

### **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

      a.    All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

      b.    All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

      c.    All financial evidence and documentation relating to the Defendants' use of the Work;

3.    Direct the current domain name registrar, Automatic Inc., and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.    Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.    Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twentieth day of July, 2010.

                                                RIGHTHAVEN LLC

                                                By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff